**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3434
_____

IN RE: RICHARD A. HAMMONDS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 10-cv-00444)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 3, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: November 16, 2011)
_____

OPINION
_____

PER CURIAM.

Richard A. Hammonds, a Pennsylvania state inmate, has filed pro se pleading in

this Court which has been docketed as a petition for a writ of mandamus under 28 U.S.C.

§ 1651.  Hammonds contends that the United States District Court for the Western

District of Pennsylvania has "respond[ed] to none of [his] motions since December ...

2010" in Hammonds' pending prisoner civil rights suit.  See W.D. Pa. Civ. No. 10-cv-

00444.  Hammonds suggests that the Magistrate Judge should be required to grant his

motion for entry of a default judgment given defendants' alleged "failure to comply with the rules" by not responding to the complaint.

Mandamus relief is available in extraordinary circumstances only.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  The petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted).  "Mandamus petitions provide an avenue for dealing with the situation (which fortunately occurs infrequently) where cases have been unduly delayed in the district court."  Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996).

Hammonds has not shown any grounds for mandamus relief.  The District Court's docket reflects that the U.S. Marshal was unable to effectuate service of process by mail, and on December 28, 2010, the Magistrate Judge ordered personal service upon the numerous defendants.  On August 19, 2011, Hammonds moved for a default judgment. On October 12, 2011, returns of service were filed, and counsel entered an appearance for defendants. On October 25, 2011, defendants filed a motion to dismiss the complaint.  On October 27, 2011, an administrative order was entered reassigning the case to a different Magistrate Judge for further proceedings.  Given this history, Hammonds has not shown undue delay in the proceedings; the complaint has been served and a motion to dismiss is now pending.  Nor does Hammonds have a clear and indisputable right to entry of a default judgment.  Accordingly, we will deny the petition for a writ of mandamus.

2